878 P.2d 184

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Gordon NACCARATO, Defendant–Appellant.**

**No. 20533.**

Court of Appeals of Idaho.

June 3, 1994.

Petition for Review Denied Aug. 13, 1994.

Frederick G. Loats, Coeur d'Alene, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., argued, Boise, for respondent.

PERRY, Judge.

Larry Naccarato entered a conditional plea of guilty before the magistrate, pursuant to I.C.R. 11(a)(2), to a charge of driving under the influence. I.C. § 18–8004. He appealed from his judgment of conviction, having reserved the right to contest the magistrate's denial of his motion to suppress and the denial of his motion to dismiss. He now appeals from the order of the district court affirming the magistrate's rulings on the two motions.

On appeal, Naccarato asserts that the traffic stop was not based upon a reasonable and articulable suspicion and, as a result, the evidence obtained from the stop should have been suppressed. Naccarato also maintains that the magistrate erred in not dismissing the case which, on account of congestion in the magistrate court, was set for trial beyond the six-month time period for a speedy trial prescribed by I.C. § 19–3501. For the reasons explained below, we affirm.

### FACTS AND PROCEDURE

On October 25, 1991, while on patrol, an Idaho State Police officer received a radio report of a suspected driver under the influence. This dispatch included a description of the vehicle and the license plate number. The officer located the vehicle, which was later determined to be driven by Naccarato, eastbound on I–90 between Spokane, Washington, and Post Falls, Idaho. The officer followed the vehicle for approximately one mile, observed the vehicle being driven in an erratic manner, and made a traffic stop.

Naccarato was subsequently arrested for driving while under the influence (DUI) and submitted to a breath alcohol concentration test, which yielded readings of .23 and .24. Naccarato entered a plea of not guilty to the DUI charge and challenged the validity of the traffic stop through a motion to suppress. The motion was denied. After the matter was set for trial and continued on two occasions, Naccarato filed a motion to dismiss, claiming a violation of his statutory right to a speedy trial under I.C. § 19–3501(3). In ruling on the motion, the magistrate excused the delay, which was attributed to congestion in the court calendar, and denied Naccarato's motion to dismiss. Naccarato thereafter entered a conditional plea of guilty but reserved his right to appeal from the denial of his motion to suppress and his motion to dismiss.

Following the judgment of conviction and sentence, Naccarato appealed to the district court, which affirmed the magistrate's rulings on both motions. In this appeal from the district court's order, he raises the identical suppression and speedy trial issues that were raised below.

### ANALYSIS

After an interim appeal to the district court, the appellate court will review the judgment entered by the magistrate by exercising free review and examining the record independently of the district court's decision.

*State v. Barton,* 119 Idaho 114, 803 P.2d 1020 (Ct.App.1991). On appeal from a trial court's ruling that a traffic stop was valid, we defer to the findings of fact when supported by substantial evidence and exercise free review over the lower court's determination of whether constitutional requirements were satisfied in light of the facts found. *State v. Rusho,* 110 Idaho 556, 716 P.2d 1328 (Ct.App. 1986).

Naccarato first asserts that the stop of his vehicle was invalid because the officer did not observe him violate any traffic laws. He also argues that there was no justification for the stop where the officer could not point to facts from which to infer that Naccarato was engaged in criminal activity.

■ A traffic stop, which constitutes a seizure under the Fourth Amendment, must be supported by reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws or that either the vehicle or the occupant is subject to detention in connection with a violation of other laws. *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 694, 66 L.Ed.2d 621 (1981); *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *Mason v. State Dept. of Law Enforcement,* 103 Idaho 748, 653 P.2d 803 (Ct.App.1982). This reasonable suspicion standard requires less than probable cause, but more than speculation or instinct on the part of an officer. *State v. Emory,* 119 Idaho 661, 664, 809 P.2d 522, 525 (Ct.App.1991).

■ The arresting officer testified at the suppression hearing that he had pursued the vehicle described by the dispatcher in order to investigate a citizen's report of a drunk driver. He pulled up behind the vehicle to confirm the license plate number, and while he followed, he observed that the vehicle was continuously weaving. The driver was apparently jerking the vehicle to correct its motion in one direction or the other. The officer acknowledged that the vehicle did not actually leave its lane of travel, but neither did it go in a straight line during the time it was under surveillance. The officer further testified that the vehicle was travelling at fifty miles per hour, which was fifteen miles under the posted limit, although he commented that this was not in violation of the law.

The magistrate found that there was "[n]o evidence that weaving and veering is a normal driving pattern." Accordingly, the magistrate distinguished this case from *State v. Emory, supra,* upon which Naccarato relies, where reasons were advanced which tended to explain the defendant's driving sufficiently to dispel any suspicions that Emory was engaged in criminal activity. Considering the totality of the circumstances, we agree with the magistrate's conclusion that there existed a reasonable, articulable suspicion for the officer to make an investigative stop. We therefore affirm the magistrate's order denying the motion to suppress the evidence obtained subsequent to the stop and the ultimate arrest of Naccarato.

■ Naccarato's second argument relates to his right to a speedy trial as guaranteed by I.C. § 19–3501(3), which requires that a defendant be brought to trial within six months of the date of entry of his not guilty plea, "unless good cause to the contrary is shown." He argues that the magistrate erred in denying his motion to dismiss because the trial date in his case was not set within the required six-month period and the state failed in its burden to show good cause for the delay.

Naccarato contends that *State v. Hobson,* 99 Idaho 200, 579 P.2d 697 (1978), dealing with a defendant's statutory right to a speedy trial, mandates the granting of his motion to dismiss based on a violation of I.C. § 19–3501(3). He asserts that, as in *Hobson,* his trial date was continued on account of congestion of the court's calendar and, through no action of his, was set beyond the prescribed time for compliance with the statute. He argues that *Hobson* should govern the interpretation of the "good cause" language of I.C. § 19–3501, i.e., declining to apply the "good cause" guidelines enunciated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), involving a speedy trial claim under the federal constitution.

It is the application of the *Barker* factors—i.e. the length of the delay, the reasons for the delay, the accused's assertion of his speedy trial right, and the prejudice occasioned by the delay—to cases claiming a deprivation of the statutory right to speedy trial that Naccarato contests. He urges this Court, therefore, to reverse our Supreme Court's holding in *State v. Sindak*, 116 Idaho 185, 774 P.2d 895 (1989), *cert. denied, sub nom., Sindak v. Idaho*, 493 U.S. 1076, 110 S.Ct. 1125, 107 L.Ed.2d 1032 (1990), which is the controlling law on the issue of speedy trial rights under I.C. § 19–3501. This we cannot do.

Idaho Code § 19–3501 requires dismissal of an action when a criminal defendant makes a prima facie showing that his right to a speedy trial is violated and the district court determines that "good cause" for the delay has not been shown by the state. *Hobson, supra*. However, there is no fixed rule for determining good cause for delay of trial; the matter—initially at least—is left to the discretion of the trial court. *In re Rash*, 64 Idaho 521, 134 P.2d 420 (1943). Because there is no hard and fast rule for determining "good cause," the ultimate question of whether legal excuse has been shown is a matter for judicial determination upon the facts and circumstances of each case. *State v. Stuart*, 113 Idaho 494, 496, 745 P.2d 1115, 1117 (Ct.App.1987). After considering the state's explanations for the delay in bringing Hobson's case to trial, the court concluded that the state had not shown any justification for failure to prosecute Hobson during the two intervening terms of court[1] and held that with no good cause for the delay, the court should have dismissed the case. *Hobson, supra* at 202, 579 P.2d at 699.

Since *Hobson, supra*, our Supreme Court has deemed it appropriate to apply the *Barker* criteria to a dismissal request grounded upon a violation of Idaho's statutory right to a speedy trial. *See Sindak, supra; State v. Russell*, 108 Idaho 58, 696 P.2d 909 (1985). In *Russell*, the Court affirmed the district court's finding that good cause existed upon a showing of delay caused by court congestion. The *Russell* court then went on to analyze the "good cause" language of I.C. § 19–3501 by adopting the balancing test of *Barker, supra*.

In 1989, relying on *Russell, supra* and *State v. Carter*, 103 Idaho 917, 655 P.2d 434 (1982), the Supreme Court upheld the district court's denial of Sindak's motion to dismiss on speedy trial grounds, even though Sindak's trial was held six months and twenty-four days after the entry of his not guilty plea. The Supreme Court held Sindak's case "to be substantially indistinguishable from *State v. Russell*," where delay due to court congestion was deemed to be good cause and where, under *Barker*, the defendant presented no evidence that he was in any way prejudiced by the delay.

In light of the interpretation placed upon I.C. § 19–3501 by our Supreme Court in *Sindak*, the determination of "good cause" under the statute must be made by reference to *Barker*. *State v. Aberasturi*, 117 Idaho 201, 203, 786 P.2d 592, 594 (Ct.App.1990). *See also, State v. Johnson*, 119 Idaho 56, 803 P.2d 557 (Ct.App.1990). We recognize that our Supreme Court may be amenable to revisiting the question of why the *Barker* test is used to analyze statutory speedy trial rights when I.C. § 19–3501 mentions only "good cause." *See State v. Cotant*, 123 Idaho 787, 788, n. 2, 852 P.2d 1384, 1385 n. 2 (1993). However, adhering to precedent, we must continue to uniformly apply the balancing test from *Barker, supra*, to evaluate "good cause" sufficient to excuse a violation of speedy trial rights under I.C. § 19–3501 as well as under the federal constitution.

We note that the record before us does not include the magistrate's findings and conclusions which were pronounced in open court on June 11, 1992, and then adopted as part of the order denying the motion to dismiss. Nevertheless, the parties stipulated at oral argument that court congestion was the sole reason for the delayed trial setting. Naccar-

---

1. The pre–1980 version of I.C. § 19–3501 provided that the court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed if a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable.

ato also conceded at argument that he was unable to show prejudice on account of the delay, under the fourth factor in *Barker*. Thus, we conclude that Naccarato's right to a speedy trial guaranteed under I.C. § 19–3501 was not abridged by the trial setting six months and forty-seven days after entry of his not guilty plea. Therefore, we affirm the magistrate's denial of the motion to dismiss.

In summary, our review of the record supports the magistrate's denial of the motion to suppress, based on reasonable, articulable suspicion to justify the stop of Naccarato's vehicle. The record also supports the magistrate's denial of the motion to dismiss upon a finding that Naccarato's statutory right to speedy trial was not violated. The order of the district court, affirming the magistrate's rulings, is affirmed.

WALTERS, C.J., and LANSING, J., concur.