953 P.2d 645

STATE of Idaho, Plaintiff–Respondent,

v.

David Daniel FLOWERS, Defendant–Appellant.

No. 23783.

Court of Appeals of Idaho.

March 6, 1998.

---

Brian E. Elkins, Ketchum, for appellant.

Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Judge.

David Daniel Flowers entered a conditional guilty plea to driving under the influence (DUI), I.C. § 18–8004, after the magistrate denied his motion to suppress evidence. Flowers appealed the denial of his motion to suppress to the district court, which affirmed the decision of the magistrate. Flowers now appeals to this Court. We affirm.

## I.

### FACTS AND PROCEDURE

Flowers was charged with DUI and filed a motion to suppress the evidence obtained as a result of the traffic stop. The only person who testified at the suppression hearing was the officer who arrested Flowers, Ross Kirtley. Officer Kirtley testified that he was traveling northbound at 12:42 a.m. when he passed Flowers traveling southbound on the same highway. The officer'sattention was drawn to Flowers' vehicle because Flowers was going approximately 45 mph, 10 mph under the allowed speed limit. Officer Kirtley also testified that he observed Flowers "hugging the fog line," explaining that the officer could not see any road between Flowers' tire and the line, but that Flowers' tire was not on the line.

Officer Kirtley turned his patrol car around in pursuit and as he caught up to Flowers, noticed Flowers' vehicle weaving within its lane of traffic. The officer observed Flowers' vehicle cross the fog line by

a tire width once and watched the vehicle contact the center line of the road once or twice. When officer Kirtley determined that they had reached an area of the road where he could safely stop Flowers, he turned on his overhead lights and Flowers pulled over.

Based upon this testimony, the magistrate found that the officer had a reasonable suspicion, based upon articulable facts, that Flowers was driving under the influence and the stop was justified under the Fourth Amendment. Thus, the magistrate denied Flowers' motion, and Flowers entered a conditional plea of guilty. On appeal, the district court affirmed the magistrate's decision. Flowers appealed.

## II.

### DISCUSSION

Flowers raises two issues on appeal. He first argues that the magistrate erred in making an unsupported finding of fact, which constitutes reversible error because the magistrate relied on that finding to conclude that the officer observed a driving pattern which indicated Flowers was under the influence. Flowers also contends that the magistrate's denial of his motion to suppress evidence was error because officer Kirtley did not present facts upon which he could reasonably suspect Flowers was under the influence.

■ Initially we note that on review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bitt*, 118 Idaho 584, 585 n. 1, 798 P.2d 43, 44 n. 1 (1990); *State v. Bowman*, 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

### A. Substantial Competent Evidence

Flowers contends that one of the magistrate's findings of fact, that Flowers' tire touched the center line twice, was error and that the magistrate's reliance on that finding constitutes reversible error. Flowers asserts that, under the totality of the circumstances, the magistrate could not have determined that a reasonable articulable suspicion exist-

ed except for the magistrate's mistaken reliance on an unsubstantiated fact. The state responds that there was substantial competent evidence upon which the magistrate relied in determining that Flowers touched the center line "one or two times."

### 1. Standard of review

■ Appellate review of the sufficiency of the evidence is limited in scope. A judgment will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have relied in making its determination. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *Decker*, 108 Idaho at 684, 701 P.2d at 304. Moreover, we will consider the evidence in the light most favorable to the prevailing party. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *Decker*, 108 Idaho at 684, 701 P.2d at 304.

### 2. Analysis

■ In its memorandum decision denying Flowers' motion to suppress, the magistrate stated that Flowers' "vehicle then moved to the left and crossed onto the center line, touching the center line with the left front tires of his vehicle, which occurred again moments later." The magistrate later concluded:

> [Flowers'] slow speed, hugging of the fog line, weaving in his lane of travel, crossing the fog line to the width of a tire, and then *moving left to touch the center line one or two times,* all within a mile or two, give rise to reasonable suspicion.

(Emphasis added). Flowers contends the magistrate's finding and conclusion that his tire touched the center line more than once was error.

At the suppression hearing, officer Kirtley testified that "if I recall correctly, he did it [touched the centerline of the road] twice." Then, in a colloquy between Flowers' counsel

and officer Kirtley, the officer again indicated that Flowers touched the center line twice.

[Counsel]: Do you recall telling Mr. Flowers on the tape that the reason why you stopped him was because he had crossed the center line two times?

[Officer]: I haven't heard the tape since the night of the incident, I can't tell you what's on the tape.

[Counsel]: Well, if I represent to you that the tape indicates that you told Mr. Flowers that the reason why you stopped him was because he crossed the center line a couple of times, would you take my word for it?

[Officer]: Yeah.

This incident was last discussed on cross-examination when the prosecutor asked officer Kirtley "as you testified under direct examination ... you had already decided to pull Mr. Flowers over before he bumped the center line twice?", to which the officer replied "Yes, I had."

The above excerpts are the only testimony regarding whether Flowers touched the center line once or twice. Flowers did not dispute during the examination of officer Kirtley that Flowers touched the center line twice. The questions presented to the officer indicate that Flowers acknowledged that he was informed of the officer's observations at the time of the stop.

Considering this evidence in the light most favorable to the prosecution, we conclude that there was substantial competent evidence upon which the magistrate could rely in finding that Flowers touched the center line twice. Therefore, the magistrate's reliance on those factual findings in its conclusions of law was, likewise, not error.

## B. Reasonable Suspicion for Stop

Flowers contends that the stop of his vehicle constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution and that all of the evidence obtained pursuant to that stop should have been suppressed. The state maintains that the magistrate correctly determined that, under the totality of the circumstances, the officer had a reasonable articulable suspicion which made the stop valid under the Fourth Amendment.

### 1. Standard of review

On appeal from a trial court's order resolving a motion to suppress evidence, we defer to the trial court's findings of fact if they are supported by substantial evidence, but we freely review the trial court's determination as to whether constitutional standards have been satisfied in light of the facts found. *State v. Naccarato*, 126 Idaho 10, 12, 878 P.2d 184, 186 (Ct.App.1994); *State v. McAfee*, 116 Idaho 1007, 1008, 783 P.2d 874, 875 (Ct.App.1989).

### 2. Analysis

A traffic stop by a police officer constitutes a seizure of the vehicle's occupants which implicates the Fourth Amendment's prohibition against unreasonable searches and seizures, applied to the states by the Fourteenth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1395–96, 59 L.Ed.2d 660 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). The stop must be supported by a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws or that either the vehicle or the occupant is subject to detention in connection with a violation of other laws. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981); *Delaware*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660; *Naccarato*, 126 Idaho at 12, 878 P.2d at 186. The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *Naccarato*, 126 Idaho at 12, 878 P.2d at 186; *Mason v. Dept. of Law Enforcement*, 103 Idaho 748, 750, 653 P.2d 803, 805 (Ct.App. 1982). The reasonable suspicion standard requires less than probable cause, but more than mere speculation or instinct on the part of the officer. *Naccarato*, 126 Idaho at 12, 878 P.2d at 186; *State v. Emory*, 119 Idaho 661, 664, 809 P.2d 522, 525 (Ct.App.1991). Thus, in order for officer Kirtley to have had a reasonable suspicion that Flowers was driv-

ing while impaired, that suspicion must be supported by a totality of the circumstances.

In Flowers' case, the magistrate concluded:

> While any one of the factors identified by Officer Kirtley, in [and] of itself, may not have given rise to a reasonable suspicion standard, all of them taken together do so. The Defendant's slow speed, hugging of the fog line, weaving in his lane of travel, crossing the fog line to the width of a tire, and then moving left to touch the center line one or two times, all within a mile or two, give rise to reasonable suspicion.

(Citation omitted). The magistrate properly considered the totality of the circumstances, and determined that officer Kirtley articulated a reasonable suspicion that Flowers was driving under the influence. The record supports the magistrate's factual findings, and we agree with its conclusion of law.

Moreover, we hold this case is indistinguishable from *Atkinson*. In *Atkinson* this Court reviewed the following facts:

> On May 7, 1993, at approximately 11:45 p.m., Captain Brian McNary ... was driving northbound on Main Street in Hailey, Idaho, and observed a vehicle traveling ahead of him. The vehicle, which was driven by Atkinson, moved to the left so that its left tires crossed onto or over the center line. When the vehicle had continued down Main Street for approximately two blocks, McNary saw it again veer to the left so that the tires touched but did not entirely cross the center line. The vehicle then swerved to the right across the traffic lane and touched the fog line with its right-side tires.

128 Idaho at 560, 916 P.2d at 1285. Atkinson was stopped, administered field sobriety tests and arrested for DUI.

Officer Kirtley used similar facts here to gain a reasonable suspicion that Flowers was under the influence. In both cases the drivers touched the center line twice and touched the fog line once. The facts articulated by officer Kirtley can be read to be more severe than those from *Atkinson*. Officer Kirtley observed Flowers cross the fog line by a tire width, not merely touch the line as was the case in *Atkinson*. Officer Kirtley also noted that Flowers was going 10 mph under the speed limit, which he testified was common for impaired drivers. Further, the officer observed Flowers weaving within his lane of traffic, from one extreme side of the lane to the other.

We reach the same conclusion as we reached in *Atkinson*, where we stated:

> We agree with the magistrate that these observations supported a reasonable suspicion that the vehicle driver was intoxicated, and justified an investigatory stop. Although [the driver's] vehicle never entirely left its lane of travel, this weaving pattern, with the vehicle three times touching the lines on edges of the lane, was not within the range of normal driving behavior and was an objective indication that the driver was impaired.

128 Idaho at 561, 916 P.2d at 1286. Thus, the magistrate did not err when it denied Flowers' motion to suppress.

### III.

### CONCLUSION

We conclude that there was substantial competent evidence to support the magistrate's factual findings. We further conclude that, under the totality of the circumstances, officer Kirtley articulated facts which created a reasonable suspicion that Flowers was driving under the influence. The order of the district court, affirming the magistrate's decision denying Flowers' motion to suppress evidence is therefore affirmed.

LANSING, C.J., and SCHWARTZMAN, J., concur.