954 P.2d 1073

STATE of Idaho, Plaintiff–Respondent,

v.

Anita PRESSLEY, Defendant–Appellant.

No. 23543.

Court of Appeals of Idaho.

April 1, 1998.

Richard D. Vance, Pocatello, for defendant-appellant.

Alan G. Lance, Attorney General, Catherine O. Derden, Deputy Attorney General, Boise, for plaintiff-respondent. Catherine O. Derden argued.

LANSING, Chief Judge.

This appeal challenges the denial of a motion to suppress evidence obtained as a result of a traffic stop.

Officer McClure of the Pocatello Police Department stopped Anita Pressley's car for failure to signal a turn, a violation of I.C. § 49–808(1).[1] Based upon evidence obtained during that encounter, the officer arrested Pressley for driving under the influence of alcohol, I.C. § 18–8004. Pressley filed a motion to suppress all evidence obtained as a result of the traffic stop, arguing that officer McClure lacked justification to make the stop. The magistrate denied the motion, and Pressley entered a conditional guilty plea, preserving her right to appeal the magistrate's denial of the suppression motion. The district court affirmed the magistrate's

1. Idaho Code Section 49–808(1) states:
No person shall turn a vehicle or move right or left upon a highway unless and until the move-ment can be made with reasonable safety nor without giving an appropriate signal.

denial on appeal. Pressley now appeals to this Court, arguing that officer McClure lacked probable cause to stop her car for failing to signal.

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996); *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress evidence is challenged, we accept the trial court's findings of fact which were supported by substantial evidence, but we freely review the application of constitutional principles to these facts. *Atkinson, supra.*

In this case, the operative facts are undisputed. Pressley was driving north on Third Avenue and stopped at the stop sign at the intersection of Third Avenue, Pocatello Avenue and Wyeth Street. Third Avenue and Wyeth Street run perpendicular to each other. Both streets terminate at the point where they intersect. Pocatello Avenue passes through this same intersection at an angle. For a driver approaching this intersection from Third Avenue, three legal turns are possible. The driver may make a ninety-degree right-hand turn onto Wyeth Street, a less sharp (approximately forty degree) right turn onto Pocatello Avenue, or a very tight (approximately 140 degree) left turn onto Pocatello Avenue. As officer McClure observed Pressley's vehicle, Pressley turned right onto Pocatello Avenue without signaling her intent to do so. Pressley then continued north on Pocatello Avenue to the intersection of Pocatello Avenue and Hayden Street. At this intersection, Pressley had a choice of either making a ninety degree right turn onto Hayden Street or a left turn into a parking lot. She could not continue north on Pocatello Avenue because it becomes a one-way south-bound street at this point. Pressley turned right onto Hayden, again without using her turn signal. Shortly thereafter, officer McClure signaled her to stop.

On appeal to this Court, Pressley asserts that the traffic stop violated the Fourth Amendment's prohibition against unreasonable seizures. Under the Fourth Amendment to the United States Constitution, an officer is justified in stopping a vehicle to investigate possible criminal behavior if articulable facts known to the officer give rise to a reasonable suspicion that the vehicle is being driven contrary to traffic laws, or that an occupant of the vehicle is subject to detention in connection with another crime. *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1395–96, 59 L.Ed.2d 660 (1979); *Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *State v. Rawlings,* 121 Idaho 930, 932, 829 P.2d 520, 522 (1992). Whether a reasonable suspicion existed is determined by looking at the totality of the circumstances and the facts available to the officer at the moment of the seizure. *Id.* Reasonable suspicion requires less than probable cause but more than mere speculation or instinct on the part of the officer. *State v. Naccarato,* 126 Idaho 10, 12, 878 P.2d 184, 186 (Ct.App.1994).

In the present case, Pressley asserts that officer McClure lacked the requisite reasonable suspicion because Pressley did not violate the law in executing the turns observed by McClure. Pressley maintains that her failure to signal her right-hand turns was not a violation of I.C. § 49–808(1) because, in light of the nature of the intersections, a signal was not required at either intersection before making the turn executed by Pressley. As to the first intersection, Pressley points out that two right turns were possible, and she chose the less sharp of the two. She asserts that no signal was appropriate because, had she activated her right-turn signal, she would have been indicating an intent to make the sharper right turn onto Wyeth Street. As to the second intersection, she maintains that because the north bound lane of Pocatello Avenue ended at that point, and her only choice, other than turning into a commercial parking lot, was to turn right onto Hayden Street, no signal was necessary. Accordingly, she argues, her failure to signal at either intersection did not give rise to a reasonable suspicion of unlawful activity that would justify the stop by officer McClure.

We address only Pressley's obligation to signal at the first intersection because we find that issue dispositive. Pressley is accurate in stating that she essentially had the choice of making one of two right turns or a hard left turn. However, she has provided us with no authority to support her assertion that a motorist faced with the choice of two right turns does not have to signal if the less sharp of the two turns is chosen. We do not find in Section 49–808(1) any such exception to the signal requirement, nor do we find any persuasive logic in Pressley's argument that a signal should be unnecessary in this circumstance. We therefore conclude that Pressley committed an infraction when she proceeded through the intersection without signaling her intention to turn right from Third Avenue onto Pocatello Avenue. It follows that the officer who witnessed this turn possessed knowledge creating a reasonable suspicion that Pressley had violated a traffic law. The ensuing traffic stop was lawful, and Pressley's motion to suppress evidence therefore was properly denied.

The magistrate's order denying Pressley's suppression motion is affirmed.

PERRY and SCHWARTZMAN, JJ., concur.