16 P.3d 949

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Russell Keneke RADER, Defendant–Appellant.**

No. 26060.

Court of Appeals of Idaho.

Dec. 20, 2000.

William M. Killen, McCall, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Chief Judge.

Russell Keneke Rader appeals from the district court's decision reversing the magistrate's order granting Rader's motion to suppress. We affirm the district court's reversal and remand to the magistrate for further proceedings.

## I.

## BACKGROUND

On June 29, 1998, at approximately 11:15 p.m., an officer with the McCall police department made a traffic stop on the south side of Highway 55 near its intersection with Warren Wagon Road. While the officer was standing outside of his patrol car he heard a series of noises coming in quick succession from an adjacent parking lot. The officer's view of the parking lot was blocked by a stone wall, trees, and other vegetation. However, the officer identified the sounds as a male voice yelling "stop," a loud metallic bang, and the sound of a motor vehicle accelerating toward the west exit of the parking lot on Warren Wagon Road. Based on these sounds, the officer concluded that a hit-and-run accident may have occurred in the parking lot.

The officer concluded his traffic stop, returned to his patrol car, and proceeded in the direction of the west exit of the parking lot. As the officer approached, he observed a vehicle leaving the parking lot onto Warren Wagon Road. The officer pulled the vehicle over and talked to the driver of the vehicle, who was identified as Rader. During this interaction, the officer made observations that led him to believe that Rader was intoxicated. The officer asked Rader to perform field sobriety tests and arrested him for driving under the influence (DUI) and possession of drug paraphernalia. It was later determined that no hit-and-run had occurred.

Rader moved to suppress the evidence on the ground that the officer's stop of his vehicle was unlawful. After a hearing, the magistrate granted Rader's motion to suppress and dismissed the charges. The state appealed to the district court, which reversed the magistrate. Rader appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate de-

cision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App. 1996). At a suppression hearing the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina,* 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers,* 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App.1999).

## III.

### ANALYSIS

On appeal, Rader argues that the officer's stop of his vehicle violated the Fourth Amendment's prohibition against unreasonable searches and seizures. Therefore, Rader asserts that the district court erred in reversing the magistrate's order granting his motion to suppress.

■ A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v.. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). Under the Fourth Amendment, an officer is justified in stopping a vehicle if there is probable cause to believe that a traffic offense has been committed. *State v. Pressley,* 131 Idaho 277, 278, 954 P.2d 1073, 1074 (Ct.App.1998); *State v. Schmidt,* 121 Idaho 381, 383, 825 P.2d 104, 106 (Ct.App.1992). An officer is also justified in stopping a vehicle to investigate possible criminal behavior if articulable facts known to the officer give rise to a reasonable suspicion that the vehicle is being driven contrary to traffic laws or that either the vehicle or the occupant is subject to detention in connection with a violation of other law. *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct.

690, 66 L.Ed.2d 621 (1981); *Pressley,* 131 Idaho at 278, 954 P.2d at 1074; *State v. Naccarato,* 126 Idaho 10, 12, 878 P.2d 184, 186 (Ct.App.1994). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop and requires less than probable cause, but more than mere speculation or instinct on the part of the officer. *Pressley,* 131 Idaho at 278, 954 P.2d at 1074; *Naccarato,* 126 Idaho at 12, 878 P.2d at 186. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague,* 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct.App.1988). Suspicion will not be found to be justified if the conduct observed by the officer fell within the broad range of what can be described as normal driving behavior. *Atkinson,* 128 Idaho at 561, 916 P.2d at 1286.

■ Specifically, Rader asserts that the facts known to the officer at the time he stopped Rader's vehicle were insufficient to give rise to a reasonable articulable suspicion that Rader had committed or was about to commit a crime. The facts in the instant case are not in dispute, and the officer's testimony is uncontroverted. The facts known to the officer at the time he stopped Rader's vehicle are as follows: (1) the officer heard a male voice yelling "stop;" (2) the officer heard a loud metallic bang; (3) the officer heard the sound of a motor vehicle accelerating toward the west exit of the parking lot on Warren Wagon Road; (4) the officer heard all three of these sounds coming in quick succession from the adjacent parking lot; (5) upon nearing the west exit of the parking lot the officer observed Rader's vehicle pulling out of the exit onto Warren Wagon Road; (6) the officer observed no other traffic driving down Warren Wagon Road or coming out of the parking lot at this time; and (7) because of the stone wall, trees, and other vegetation, the officer was unable to visually confirm the cause or source of the sounds.

Based on these facts, the magistrate concluded that the officer's decision to stop the vehicle was not supported by a reasonable

articulable suspicion. After reviewing the transcript of the hearing on the motion to suppress, it is clear that the magistrate's ruling relied heavily on the officer's inability, given the facts of this case, to determine if the three independent sounds were connected. Absent such a determination, the magistrate concluded that the facts known to the officer were insufficient to adequately rule out the possibility that the sounds were the result of alternative innocent circumstances.

However, the existence of alternative innocent explanations of the circumstances does not negate the fact that the officer had a reasonable suspicion that a crime might have been committed. An officer may stop a vehicle to investigate *possible* criminal activity if there is a reasonable and articulable suspicion that a crime has been committed. *Naccarato,* 126 Idaho at 12, 878 P.2d at 186. Reasonable suspicion that will justify a stop of a vehicle does not require direct observation of a traffic violation. *State v. Waldie,* 126 Idaho 864, 867 n. 1, 893 P.2d 811, 814 n. 1 (Ct.App.1995). Therefore, the proper inquiry in this case is limited to the question of whether, based on the totality of the circumstances, the officer's stop of Rader's vehicle was supported by reasonable suspicion. The state was not required to explain away all other possible scenarios.

As discussed, the officer heard a series of noises coming from an adjacent parking lot. The officer first heard a male voice yelling "stop." Immediately thereafter, the officer heard a metallic bang that he equated with the sound of a vehicle running into something or into another vehicle. The officer next heard the sound of a vehicle accelerating. Based upon his experience and law enforcement training, the officer concluded that the accelerating vehicle was traveling in the direction of the parking lot's west exit on Warren Wagon Road. In light of these facts, the officer inferred that a hit-and-run accident may have occurred and that the vehicle involved was heading towards the west exit of the parking lot. Leaving the scene of a motor vehicle accident is a crime. *See* I.C. §§ 18–8007, 49–1301, 49–1303. An officer is allowed to draw reasonable inferences from the facts in his possession, and those infer-

ences may be drawn from the officer's experience and law enforcement training. *Montague,* 114 Idaho at 321, 756 P.2d at 1085. Given the nature of the sounds, and their close temporal proximity, the officer's conclusion that a hit-and-run accident may have occurred in the adjacent parking lot was reasonable.

The officer further testified that it took him approximately five to ten seconds to drive from his location to the west exit of the parking lot. As the officer neared the parking lot's west exit, he observed that there were no vehicles driving down Warren Wagon Road or pulling out of the parking lot other than Rader's vehicle. Based upon the totality of the circumstances, the officer's stop of Rader's vehicle to investigate possible criminal activity was justified under the Fourth Amendment. Therefore, the magistrate erred in granting Rader's motion to suppress.

## IV.

## CONCLUSION

Based on the totality of the circumstances, the officer's stop of Rader's vehicle did not violate the Fourth Amendment's prohibition against unreasonable searches and seizures. Therefore, the district court's decision reversing the magistrate's order granting Rader's motion to suppress is affirmed, and the case is remanded to the magistrate for further proceedings.

Judge SCHWARTZMAN, and Judge Pro Tem MAY concur.