IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40633

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 684 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 2, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RANDALL DEAN CRISP, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment of conviction for felony possession of a controlled substance and misdemeanor driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Randall Dean Crisp appeals from his judgment of conviction for felony possession of a controlled substance and misdemeanor driving under the influence. Specifically, Crisp argues that the traffic stop was not supported by reasonable suspicion and that the district court should have granted his motion to suppress. For the reasons set forth below, we affirm.

A concerned motorist began following Crisp's motorcycle after observing him weaving within his lane, darting in and out of traffic, and cutting off other motorists. The motorist called 911 and reported that she believed Crisp was intoxicated. She gave a physical description of Crisp and his vehicle and updated the operator in real time on Crisp's conduct and location. She also gave her name and a description of the vehicle she was driving. An officer responded and pulled Crisp over after observing that he was weaving within his lane, driving much slower than the posted speed limit, and apparently popping the clutch on his motorcycle. A second officer arrived at the scene and had Crisp perform field sobriety tests, which he failed. Crisp was

1

arrested for driving under the influence (DUI). The officers found methamphetamine in Crisp's wallet during a search incident to that arrest.

Crisp was charged with possession of a controlled substance. I.C. § 37-2732(c). He was also charged with second offense DUI. I.C. §§ 18-8004(1)(a), 18-8005(4). Crisp filed a motion to suppress the evidence obtained during the traffic stop, asserting that the officer lacked reasonable suspicion to believe that Crisp was driving his vehicle contrary to traffic laws. The district court denied the motion. Crisp thereafter entered a conditional guilty plea to possession of a controlled substance and an *Alford*[1] plea to DUI, reserving the right to appeal the denial of his motion to suppress. The district court sentenced Crisp to a unified term of seven years, with a minimum period of confinement of two years, for possession of a controlled substance and a concurrent term of ninety days for DUI.[2] Crisp appeals.

Crisp asserts that the stop of his vehicle was not supported by reasonable suspicion. Specifically, he argues that the content of the motorist's tip and the officer's observations were insufficient to provide reasonable suspicion that Crisp was violating traffic laws or otherwise subject to detention. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws or that either the vehicle or the occupant is subject

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]     The district court retained jurisdiction in Crisp's case for 365 days, after which Crisp's sentence was suspended and he was placed on probation for seven years. Crisp's original attorney apparently failed to file a timely notice of appeal in Crisp's case, but Crisp brought a successful post-conviction action and restored his right to appeal. Crisp filed a notice of appeal with the district court after it entered a *nunc pro tunc* order denying the motion to suppress pursuant to the post-conviction relief. However, the initial appeal was dismissed because it was not made from an appealable order. *See* I.A.R. 11(c)(7). The dismissal was without prejudice and specifically allowed the district court to re-enter the judgment of conviction in the case pursuant to the post-conviction relief granted. The parties stipulated to an order allowing re-entry of the judgment of conviction and the district court re-entered the judgment of conviction, from which this appeal was timely filed. The Idaho Supreme Court took judicial notice of the record in the earlier appeal, Docket No. 40250.

2

to detention in connection with a violation of other law. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). Suspicion will not be found to be justified if the conduct observed by the officer fell within the broad range of what can be described as normal driving behavior. *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.

Whether a tip that merely provides a description of a suspect and alleges that he or she committed a crime amounts to reasonable suspicion depends on whether the tip was anonymous. *State v. Bishop*, 146 Idaho 804, 812, 203 P.3d 1203, 1211 (2009); *see also Florida v. J.L.*, 529 U.S. 266, 271-72 (2000); *State v. Van Dorne*, 139 Idaho 961, 965, 88 P.3d 780, 784 (Ct. App. 2004). When such a tip is received from a known citizen-informant, the tip is generally sufficient to establish reasonable suspicion. *Van Dorne*, 139 Idaho at 965, 88 P.3d at 784. Tips made by known citizen-informants are presumed reliable because the informant's reputation can be assessed and, if the informant is untruthful, he or she may be subject to criminal liability for making a false report. *Bishop*, 146 Idaho at 812, 203 P.3d at 1211. Accordingly, independent police verification of these tips is generally not necessary. *Van Dorne*, 139 Idaho at 965, 88 P.3d at 784. Still, under the totality of the circumstances analysis, the content of the tip and the informant's basis of knowledge remain relevant in determining whether the tip gave rise to reasonable suspicion. *See State v. Zapata-Reyes*, 144 Idaho 703, 708-09, 169 P.3d 291, 296-97 (Ct. App. 2007).

Crisp argues that the suspicious conduct identified in his driving pattern by both the officer and the informant motorist is susceptible to innocent explanations, falling within the ambit of normal driving behavior and failing to provide reasonable suspicion. Specifically, he argues that weaving is normal for a motorcyclist trying to avoid obstacles on the road, popping the clutch is indicative of inexperience and not intoxication, and weaving in and out of traffic at a high rate of speed is merely a normal response to being followed by the informant motorist.

However, the existence of alternative innocent explanations does not necessarily negate reasonable suspicion. *State v. Danney*, 153 Idaho 405, 411, 283 P.3d 722, 728 (2012); *State v. Rader*, 135 Idaho 273, 275-76, 16 P.3d 949, 951-52 (Ct. App. 2000). Indeed, the state is not required to eliminate all other possible explanations for suspicious conduct. *Rader*, 135 Idaho at 276, 16 P.3d at 952. Instead, an officer may stop a vehicle to investigate *possible* criminal activity if there is a reasonable and articulable suspicion that a crime has been committed. *Id.* Thus, we turn to whether there was reasonable suspicion to support the stop.

Crisp does not dispute that, because the motorist identified herself, she was a known citizen-informant whose reliability could be presumed. Instead, he argues that the content of her tip did not provide reasonable suspicion. Crisp analyzes the motorist's tip independent of the officer's observations. But the analysis of the tip occurs in the context of the totality of the circumstances, not in a vacuum. Indeed, as found by the district court, the motorist's tip, combined with the officer's own observations, gave the officer reasonable and articulable suspicion to believe that Crisp was operating his motorcycle while intoxicated. The motorist provided a detailed description of Crisp and his vehicle, including the license plate number. She also provided a reasonably detailed description of Crisp's driving pattern that she witnessed, updating the information and Crisp's whereabouts in real time. She reported that Crisp was weaving in and out of traffic at a high rate of speed without signaling, cutting off other motorists, and fidgeting about on his motorcycle as if he were "tweaking." Additionally, she commented that she believed that Crisp appeared to be either "drunker than a skunk or higher than a kite." This assessment, which was based on her first-hand observations, is entitled to the same weight as her other descriptive statements in the reasonable suspicion calculus. *See Wilson v. Idaho Transp. Dep't*, 136 Idaho 270, 275, 32 P.3d 164, 169 (Ct. App. 2001) (holding that a known citizen-informant's tip that a person was intoxicated and driving based on the citizen's personal knowledge was sufficient to provide reasonable suspicion for a traffic stop); *State v. Larson*, 135 Idaho 99, 102, 15 P.3d 334, 337 (Ct. App. 2000) (holding that a known citizen-informant's tip that a person who had knocked on her apartment door was intoxicated provided reasonable suspicion to stop the person's vehicle). Moreover, the officer testified at the suppression hearing that he observed Crisp traveling at a slow speed, weaving within his traffic lane, and repeatedly popping the clutch on his motorcycle as if he were inexperienced or having mechanical issues.

4

The district court found that these facts, combined with what the officer learned from the citizen's report, provided reasonable suspicion that Crisp was driving while intoxicated.

Thus, under the totality of the circumstances present in this case, there was reasonable suspicion to stop Crisp, and the district court did not err by denying his motion to suppress evidence obtained from that stop. Accordingly, we affirm Crisp's judgment of conviction for possession of a controlled substance and driving under the influence.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**