# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49965

| | |
|---|---|
| STATE OF IDAHO,<br><br>       Plaintiff-Respondent,<br><br>v.<br><br>MATTHEW ANDRE ARAGON,<br><br>       Defendant-Appellant. | )<br>)  **Filed: May 8, 2023**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment of conviction for felony possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Matthew Andre Aragon appeals from his judgment of conviction for possession of a controlled substance, Idaho Code § 37-2732(c)(1). Aragon argues the district court erred in denying his motion to suppress evidence obtained during a traffic stop. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Aragon does not contest the district court's factual findings. Those findings show that while surveilling a suspected drug house, officers observed a vehicle leave the house. Some of the officers followed the vehicle, which stopped at a gas station to refuel. When leaving the gas station, the vehicle turned into the closest lane, which was a terminating, right-turn lane. Next, the vehicle changed lanes without signaling to merge onto the highway. Detective Murphy observed the failure to signal and alerted another officer, who initiated a traffic stop of the vehicle, which Aragon was driving. During the course of the stop, drugs and paraphernalia were located in the vehicle.

1

The State charged Aragon with felony possession of a controlled substance, I.C. § 37-2732(c)(1), and misdemeanor possession of a controlled substance, I.C. § 37-2732(c)(3). Aragon filed a motion to suppress, arguing the officers did not have reasonable suspicion for the traffic stop. At the evidentiary hearing, Detective Murphy and the officer who initiated the stop testified. The district court denied Aragon's suppression motion, concluding that he had changed traffic lanes without signaling in violation of I.C. § 49-808(1) and that Detective Murphy's observation of this violation created reasonable suspicion to initiate a traffic stop. The court rejected Aragon's contention that the first lane's markings were ambiguous and that, due to this ambiguity, he could not comply with I.C. § 49-808(1).

Subsequently, Aragon entered a conditional guilty plea to felony possession of a controlled substance and reserved the right to appeal the district court's denial of his suppression motion. Aragon timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

"Mindful of the Idaho appellate courts' interpretation and application of I.C. § 49-808(1)," Aragon argues the district court erred in denying his suppression motion. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable

2

suspicion the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).

In this case, the district court concluded the officers had reasonable suspicion to initiate a traffic stop because Aragon violated I.C. § 49-808(1) by failing to signal before changing lanes. Idaho Code § 49-808(1) provides:

> No person shall turn a vehicle onto a highway or move a vehicle right or left upon a highway or merge onto or exit from a highway unless and until the movement can be made with reasonable safety nor without giving an appropriate signal.

This Court has repeatedly held this provision requires a motorist to signal when moving from a lane that clearly ends into another lane that continues. *See, e.g.*, *State v. Colvin*, 157 Idaho 881, 884-85, 341 P.3d 598, 601-02 (Ct. App. 2014); *State v. Spies*, 157 Idaho 269, 274, 335 P.3d 609, 614 (Ct. App. 2014); *State v. Dewbre*, 133 Idaho 663, 666, 991 P.2d 388, 391 (Ct. App. 1999). By moving left from a termination lane into a through lane, I.C. § 49-808(1) required Aragon to signal before changing lanes. Because Aragon violated this traffic law, the officers had reasonable suspicion to initiate a traffic stop.

Regardless, Aragon argues "he was not required to signal if the lane markings were potentially incorrect." In support, Aragon relies on the Manual of Uniform Traffic Control Devices for Streets and Highways to assert the solid white lines designating the lane into which he turned "were potentially incorrect[ly]" marked. Aragon's argument fails. Aragon has not established the lane markings were indeed incorrect. Further, he has not established incorrect lane markings excuse his failure to comply with I.C. § 49-808(1). He cites no authority for this proposition. *Cf. State v. Pressley*, 131 Idaho 277, 279, 954 P.2d 1073, 1075 (Ct. App. 1998) (declining to find an exception to I.C. § 49-808(1)'s signaling requirement); *see also State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (ruling party waives issue if authority is lacking). Accordingly, we hold the district court did not err in denying Aragon's suppression motion.

### IV.

### CONCLUSION

We affirm the district court's order denying Aragon's suppression motion and his judgment of conviction.

Judge GRATTON and Judge HUSKEY **CONCUR**.