**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50793**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 14, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JEREMY NATHAN BERG, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Susie Jensen, District Judge. Hon. Ross Pittman, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jeremy Nathan Berg appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming his judgment of conviction for driving under the influence (DUI). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer received a report from a concerned citizen that Berg was driving under the influence, observed that his vehicle had a nonworking taillight, and conducted a traffic stop of Berg's vehicle. Upon making contact with Berg, the officer observed that Berg's eyes were watery and bloodshot and that he was grinding and clenching his jaw. The officer also noticed scarring

1

and sores on Berg's arms and that he was wearing a cannabis retailer hat. The officer conducted field sobriety tests and determined Berg was under the influence of drugs or alcohol. The breath sample provided by Berg was negative for alcohol, so the officer transported Berg for a voluntary blood draw. The officer conducted a drug recognition evaluation and determined that Berg was under the influence of a central nervous system stimulant.

The State charged Berg with misdemeanor DUI. I.C. § 18-8004. Berg filed a motion to suppress, arguing that the officer unlawfully extended the traffic stop. The magistrate court denied Berg's motion, concluding the officer lawfully extended the stop based on reasonable suspicion of DUI. Berg entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress. Berg appealed to the district court, where he argued that the magistrate court erred in denying his motion to suppress because the officer unlawfully extended the traffic stop without reasonable suspicion. The district court affirmed. Berg again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Berg argues that the district court erred in affirming the magistrate court's denial of his motion to suppress because the officer unlawfully extended the scope of the detention from a traffic stop into a DUI investigation without reasonable and articulable suspicion. The State responds that Berg has failed to show error in the district court's intermediate appellate decision affirming the magistrate court. The State contends that Berg was not only stopped for the nonworking

2

taillight but also for the report of a possible DUI and that, upon making contact with Berg, the officer developed additional reasonable suspicion that Berg was driving under the influence. We hold that the district court correctly affirmed the magistrate court's denial of Berg's motion to suppress because the traffic stop was not unlawfully prolonged without reasonable suspicion to support the detention.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The magistrate court based its findings on testimony from the reporting citizen and responding officer. The citizen first called 911 after observing Berg and a female in a parking lot because the citizen was concerned for the female. When Berg and the female left in the vehicle, the citizen called 911 a second time based on her concern for the general public because she thought Berg might be under the influence of alcohol or drugs. The citizen remained on the phone with dispatch while she followed Berg's vehicle and reported her observations of Berg's erratic driving behavior, including that he was driving slower than other traffic and swerving. When the responding officer arrived, the citizen pointed to Berg's vehicle and identified it as the vehicle she reported. The responding officer was aware that the driver of the vehicle had been reported as a possible DUI because of his communication with dispatch. When the officer made contact with Berg, the officer observed that Berg had bloodshot and watery eyes, sores on his arms, scarring, and was wearing a cannabis retailer hat. The officer also observed that Berg was grinding his teeth

3

and clenching his jaw while talking. The officer described this behavior as bruxism and, based on his training and experience as a drug recognition expert, reported that such behavior is a general indication that someone is under the influence of a stimulant. The officer also described the sores and scarring as a typical result of long-term drug use. The officer characterized Berg's red eyes as conjunctiva, which is created by expanding blood vessels and is consistent with drug or alcohol impairment and is different than eye redness associated with being tired. The officer testified that he conducted the DUI investigation based on the citizen's report and his own observations of Berg's eyes and bruxism. The magistrate court concluded that the totality of the circumstances provided reasonable and articulable suspicion for Berg's detention and eventual arrest.

On appeal, Berg challenges the circumstances on which the reasonable suspicion finding was based, arguing that his eyes may have been red from being tired and that he was clenching and grinding his jaw because he was nervous. Berg cites several cases to support his argument that bloodshot eyes and signs of nervousness are insufficient to establish reasonable suspicion to extend the stop. *See State v. Neal*, 159 Idaho 919, 924, 367 P.3d 1231, 1236 (Ct. App. 2016); *State v. Perez-Jungo*, 156 Idaho 609, 616, 329 P.3d 391, 398 (Ct. App. 2014); *State v. Grigg*, 149 Idaho 361, 364, 233 P.3d 1283, 1286 (Ct. App. 2010). Berg's arguments isolating the individual circumstances known to the officer are contrary to the totality of the circumstances analysis required in determining whether there is reasonable suspicion. *See Ferreira*, 133 Idaho at 483, 988 P.2d at 709. Moreover, Berg's arguments do not account for the well-settled proposition that innocent explanations for certain findings, such as eye redness, are insufficient to negate reasonable suspicion. *See State v. Rader*, 135 Idaho 273, 276, 16 P.3d 949, 952 (Ct. App. 2000) (explaining that "the existence of alternative innocent explanations of the circumstances does not negate the fact that [an officer] had a reasonable suspicion that a crime might have been committed"). Of significance, Berg fails to address the citizen's report and observations that were known to the officer when he conducted the initial stop. The facts found by the magistrate court, considered in light of the totality of the circumstances known to the officer, support the conclusion that reasonable and articulable suspicion existed to justify the officer's extension of the traffic stop to further investigate the DUI. Berg has failed to show error in the district court's decision affirming the magistrate court's denial of his motion to suppress.

4

## IV.

## CONCLUSION

Berg has failed to show that his traffic stop was unreasonably extended in violation of the Fourth Amendment. Therefore, the magistrate court did not err in denying Berg's motion to suppress. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming Berg's judgment of conviction for driving under the influence, is affirmed.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.