**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41833**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 357** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  February 17, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KARIE THOMAS COOKE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Karie Thomas Cooke appeals from his judgment of conviction for possession of a controlled substance.  Cooke contends that the officer lacked reasonable suspicion to initiate a traffic stop based on noncompliant wheel covers and, therefore, the district court erred in denying his motion to suppress.  For the reasons set forth below, we affirm.

Cooke was stopped for driving a vehicle with noncompliant wheel covers in violation of I.C. § 49-949.[1]  Specifically, the officer noticed that the wheel covers failed to cover the entire

_____

[1]     Idaho Code Section 49-949 provides, in pertinent part:

(1)     It shall be unlawful for any person to operate or move or any owner to permit to be operated or moved, any motor vehicle, truck, bus, semitrailer or trailer, upon any highway without having the vehicle equipped with fenders or covers which may include flaps or splash aprons, over and to the rear of wheels, as follows:

width of Cooke's tires and failed to extend to a point no more than ten inches above the road surface as required by subsections (2)(a) and (1)(a), respectively. During the stop, the officer discovered that Cooke was driving with a suspended license and arrested him. The officer found six morphine pills in Cooke's front pocket during the subsequent search incident to arrest. Cooke admitted that the pills were morphine and that he did not have a prescription. Accordingly, Cooke was charged with possession of a controlled substance and driving without privileges.

Cooke filed a motion to suppress the evidence obtained during the stop, contending that the officer lacked reasonable suspicion. Following a hearing, the district court denied Cooke's motion to suppress. The district court held that I.C. § 49-949(1)(a), which requires the fenders or

> (a) On the rear wheels of every truck equipped with a body . . . the fenders or covers shall extend in full width from a point above and forward of the center of the tires over and to the rear of the wheels to a point that is not more than ten (10) inches above the surface of the highway when the vehicle is empty;
> (b) Behind the rear wheels of every truck not equipped with a body the fenders or covers shall extend downward in full width from a point not lower than halfway between the center of the wheels and the top of the tires on the wheels to a point that is not more than ten (10) inches above the surface of the highway when the vehicle is empty;
> (c) Behind all wheels of every motor vehicle other than trucks, buses, semitrailers, or trailers, the fenders or covers shall extend in full width from a point above and forward of the center of the tire over and to the rear of the wheel to a point that is not more than twenty (20) inches above the surface of the highway, unless the bumper is a factory built bumper fastened directly to the frame of the vehicle pursuant to factory installation requirements;
> . . . .
> (2) Fenders or covers, as used in subsection (1) of this section, shall be deemed to be of sufficient size and construction as to comply with those requirements if constructed as follows:
> (a) When measured on the cross sections of the tread of the wheel or on the combined cross sections of the treads of multiple wheels, the fender or cover extends at least to each side of the width of the tire or of the combined width of the multiple tires, as the case may be;
> (b) The fender or cover is constructed as to be capable at all times of arresting and deflecting dirt, mud, water, or other substance as may be picked up and carried by wheels;

2

covers on trucks to extend in full width to a point that is no more than ten inches from the ground, applied to Cooke's vehicle. This was based on the district court's finding that Cooke's vehicle met the statutory definition of a truck as found in I.C. § 49-121(10).[2] The district court further found that Cooke's vehicle was equipped with a body and determined that it was subject to the requirements of I.C. § 49-949(1)(a), not I.C. § 49-949(1)(c) as Cooke contended. Pursuant to a plea agreement, Cooke pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), in exchange for dismissal of other pending charges and reserved his right to appeal the denial of his motion to suppress. The district court sentenced Cooke to a term of four years, with a minimum period of confinement of two years. Cooke appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An

---

[2]    Idaho Code Section 49-121(10)(c) defines a "pickup truck" as "[e]very motor vehicle eight thousand (8,000) pounds gross weight or less which is designed, used or maintained primarily for the transportation of property." Cooke does not dispute this factual finding on appeal.

officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Cooke argues that his vehicle should not be subject to the ten-inch fender and wheel cover requirement found in I.C. § 49-949(1)(a), which applies to "every *truck equipped with a body*"; instead, he contends that his vehicle should be subject to the more lenient fender and wheel cover requirements of I.C. § 49-949(1)(c), despite its express language providing that it applies to "every motor vehicle *other than trucks*, buses, semitrailers, or trailers." (Emphasis added.) Cooke also argues that his mud flaps were in compliance with I.C. § 49-949(2)(b), which requires that the fender or wheel cover be "constructed as to be capable at all times of arresting and deflecting dirt, mud, water, or other substance as may be picked up and carried by wheels." Despite the specific length requirements provided in Subsection (1), Cooke contends that compliance with Subsection (2) is all that the statute requires. Thus, he asserts that he had not violated a traffic law, meaning the officer lacked reasonable suspicion to perform the traffic stop.

Cooke's arguments are without merit. First, the plain language of I.C. § 49-949(1)(a) applies to "every truck equipped with a body." The district court found, based on substantial and undisputed evidence in the record, that Cooke's vehicle qualified as a truck under the definition provided in I.C. § 49-121(10)(c) and that it was equipped with a body.[3] Subsection (1)(a) applied to Cooke's vehicle; Subsection (1)(c) did not. Thus, the wheel covers of Cooke's vehicle were required to extend "to a point that is not more than ten (10) inches above the surface of the highway when the vehicle is empty." The officer observed that Cooke's vehicle was noncompliant with this requirement, providing the officer with reasonable suspicion that Cooke was violating a traffic law and justifying the traffic stop. The district court did not err in concluding as such.

---

[3] We note that, under both Subsection (1)(a), which applies to trucks equipped with a body, and Subsection (1)(b), which applies to trucks not equipped with a body, the wheel covers or fenders must extend to no more than ten inches above the road surface when the vehicle is empty. The primary difference between the two provisions applies to where the top of the covers must be located in relation to the rear wheels. Thus, the district court's finding that Cooke's vehicle was equipped with a body is immaterial under the circumstances.

4

Second, Subsection (2) of I.C. § 49-949 provides additional means by which a wheel cover may comply with the requirements under Subsection (1). Subsection (2) provides that wheel covers, as used in Subsection (1), "shall be deemed to be of sufficient size and construction as to comply with those requirements if constructed" in a manner that accomplishes the purposes of the requirements in Subsection (1). Specifically, Subsection (2)(b) provides that the wheel cover will be deemed sufficient if it is "constructed as to be capable at all times of arresting and deflecting dirt, mud, water, or other substance as may be picked up and carried by wheels." Although Cooke provided evidence that his vehicle was equipped with black plastic fenders around the wheel wells, Cooke failed to provide any evidence establishing that those fenders met the requirements of I.C. § 49-949(2)(b). As a result, the district court did not err in holding that Subsection (2)(b) did not apply to Cooke's vehicle.

The district court did not err in denying Cooke's motion to suppress. Accordingly, Cooke's judgment of conviction for possession of a controlled substance is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.