**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42277**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 51** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  August 17, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KERRY ALLEN HOWELL,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Richard S. Christensen, District Judge.

Judgment of conviction for burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Kerry Allen Howell appeals from his judgment of conviction for burglary, entered upon his conditional guilty plea.  Specifically, Howell argues that the district court erred in denying his motion to suppress because he was illegally seized.  For the reasons set forth below, we affirm.

At 7:00 a.m., two officers were dispatched to a residential cul-de-sac to investigate an anonymous report of two suspicious vehicles.[1]  The officers arrived at the cul-de-sac and saw two vehicles, one of which was a pickup with a travel trailer attached.  One officer parked his

_____

[1]     It is possible that the anonymous report also indicated that the men with the vehicles might have been illegally dumping motor oil.  The only reference to that allegation is contained in the briefing, it is not part of the evidentiary record, and we do not consider it.

1

patrol car adjacent to the pickup and the other officer parked his patrol car behind the first patrol car. Howell and another person were standing near the vehicles. One officer asked Howell what he and his friend were doing, and Howell explained that they were driving to Spirit Lake and that he pulled over to fix the trailer because it was not towing correctly. The officer asked to see Howell's driver's license and pickup registration, which Howell provided. The officer asked if Howell owned the trailer. Howell explained that it belonged to his girlfriend and provided her name. The officer asked if Howell had his girlfriend's permission to use the trailer. Howell changed his story and said it was actually his sister's boyfriend's trailer; that he did not know the owner's name; and that he did not have permission from the boyfriend to take the trailer, although his sister gave permission. The conflicting stories raised the officer's suspicion that the trailer might be stolen. Dispatch contacted the registered owners and determined that the trailer had been stolen. The officer also discovered evidence indicating that Howell had been involved in multiple burglaries.

Howell was charged with grand theft by possession of stolen property, I.C. §§ 18-2403(4) and 18-2407(1)(b), and two counts of burglary, I.C. § 18-1401. Howell filed a motion to suppress the evidence against him, arguing it was the fruit of an unlawful detention. The district court denied Howell's motion to suppress, holding that Howell was not seized. Howell then entered a conditional plea of guilty to one count of burglary, reserving the right to challenge the denial of his motion to suppress. Howell appeals.

Howell's argument at the motion to suppress hearing focused on his assertion that the officers parked in a way which prevented him from driving away and that he was, therefore, seized from the inception of the encounter. *See State v. Fry*, 122 Idaho 100, 103, 841 P.2d 942, 945 (1992) (seizure occurred when one officer stood behind vehicle blocking exit while another officer knocked on the driver's window and began questioning driver). The district court credited the officers' testimony and found that Howell's exit was not blocked[2] and he was, therefore, not seized during the officers' questioning. However, Howell also argued that he was seized when the officer took his driver's license. The district court denied the motion to suppress without addressing that argument. Howell appeals, asserting that he was seized within the

---

[2]     Howell does not challenge this finding on appeal.

meaning of the Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution when the officer seized his driver's license.

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *Fry*, 122 Idaho at 102, 831 P.2d at 944. A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.* When a defendant seeks to suppress evidence that is alleged to have been obtained as a result of an illegal seizure, the defendant bears the burden of proving that a seizure occurred. *State v. Willoughby*, 147 Idaho 482, 486, 211 P.3d 91, 95 (2009).

The officers' initial approach and brief questioning of Howell did not implicate any Fourth Amendment interests. A seizure only occurs when an officer, by means of physical force or show of authority, restrains the liberty of a citizen. *Fry*, 122 Idaho at 102, 841 P.2d at 944. When an officer retains a driver's license or motor vehicle registration, a limited seizure occurs. The Idaho Supreme Court has held that a police officer's brief detention of a driver to make a status check on the driver's license, after making a valid, lawful contact with the driver, is reasonable for purposes of the Fourth Amendment. *See State v. Godwin*, 121 Idaho 491, 493, 826 P.2d 452, 454 (1992). Thus, the officer's taking possession of Howell's license and registration and brief detention of Howell was reasonable.

An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of detention must be carefully tailored to its underlying justification. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. In this regard, we must focus on the intensity of the detention, as well as its duration. *Roe*, 140 Idaho at 181, 90 P.3d at 931. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. Brief inquiries not otherwise related to the initial purpose of the stop do not necessarily violate a detainee's Fourth Amendment rights. *Roe*, 140 Idaho at 181, 90 P.3d at 931.

Brief detentions to conduct a status check of a driver's license or registration are, like other investigative detentions, subject to the Fourth Amendment test of reasonableness--the detention must be temporary and last no longer than necessary to effectuate the purposes of the stop. *State v. Martinez*, 136 Idaho 436, 440, 34 P.3d 1119, 1123 (Ct. App. 2001). Howell does not challenge the officer's authority to check his driver's license and registration, but argues that the officer was required to check the validity of his driver's license and registration through dispatch immediately upon receiving them and the officer was not permitted to continue asking questions about the trailer, which Howell argues were not necessary to effectuate the purpose of the stop. We disagree.

Howell's detention lasted approximately two hours, which, given the progression of events in this case, was not unreasonable. The officer's questions regarding the ownership of the trailer were within the scope of the officer's permissible brief detention of Howell. An officer's

mission during a traffic stop typically includes checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *Rodrigues v. United States*, ____ U.S. ____, ____, 135 S. Ct. 1609, 1611 (2015). These checks serve the objective of ensuring that vehicles on the road are operated safely and responsibly. *Id.* When a vehicle is pulling a trailer, which is also subject to registration requirements imposed by statute,[3] it is reasonable for the officer to inquire about the ownership of the trailer and the validity of the registration.

Although the district court denied Howell's motion to suppress on improper grounds--holding that Howell was not seized--the denial was proper. Accordingly, the district court did not err in denying Howell's motion to suppress and Howell's judgment of conviction for burglary is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

---

[3] *See* I.C. § 49-445.