**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44247**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 28 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: June 9, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GABBRIELLE RAMONA | ) | |
| ABERASTURI, aka POWELL, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order granting motion to suppress, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for appellant. Kale D. Gans argued.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for respondent. Jenny C. Swinford argued.

---

MELANSON, Judge

The State appeals from the district court's order granting a motion to suppress evidence. Specifically, the State argues that the district court erred in finding that the investigative detention of Gabbrielle Ramona Aberasturi aka Powell was unlawfully extended. For the reasons set forth below, we affirm.

An officer observed Aberasturi's vehicle parked near a dumpster in a private alley behind a commercial building. The responding officer also observed Aberasturi in the dumpster and her acquaintance in the vehicle. It is disorderly conduct and therefore unlawful to loiter, prowl, or wander upon the private property of another without permission of the owner. I.C. § 6-01-05(B). The responding officer instructed Aberasturi to get out of the dumpster and

1

her acquaintance to exit the vehicle. Less than two minutes later, a second officer arrived. The responding officer told Aberasturi and her acquaintance to wait while their information was run through police dispatch. The responding officer returned to his vehicle while the second officer stayed with Aberasturi and her acquaintance.

Approximately four minutes after the initial contact was made, a third officer with a canine arrived and made contact with Aberasturi. Neither the responding officer nor the second officer requested the canine officer's assistance. The canine officer later testified that he requested Aberasturi's permission to search her vehicle and that she had consented. The responding officer testified that he heard Aberasturi give permission to search her vehicle. Throughout the investigation, only the second officer used an audio recording device. The responding officer gave Aberasturi a warning about disorderly conduct, which can be heard on the second officer's recording. The district court inferred that the responding officer concluded his warning when Aberasturi thanked the responding officer. At some point while the responding officer gave Aberasturi a warning, the canine officer conducted a canine drug sniff of Aberasturi's vehicle. The responding officer and canine officer testified that the canine officer gestured to the responding officer while he was still warning Aberasturi, which would indicate that the canine alerted before the responding officer concluded his warning. The audio recording reveals that over ten minutes passed between the time Aberasturi thanked the responding officer and the time that Aberasturi was called away from the second officer to discuss the drugs found in the vehicle. The district court found that the officers' testimonies conflicted with the audio recording and were not sufficiently reliable to find that the canine alert occurred before the responding officer concluded his warning. The district court further found that the purpose of the investigatory detention for disorderly conduct was effectuated when Aberasturi thanked the responding officer for his warning. The district court concluded that the State failed to meet its burden of establishing that probable cause to search arose before the purpose of the initial stop was effectuated. The district court granted Aberasturi's motion to suppress evidence obtained as a result of the search. The State appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of the detention must be carefully tailored to its underlying justification. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. In this regard, we must focus on the intensity of the detention, as well as its duration. *Roe*, 140 Idaho at 181, 90 P.3d at 931.

The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. Brief inquiries not otherwise related to the initial purpose of the stop do not necessarily violate a detainee's Fourth Amendment rights. *Roe*, 140 Idaho at 181, 90 P.3d at 931. It is the State's burden to demonstrate that the seizure it seeks to justify on the basis of reasonable suspicion was sufficiently limited in scope and duration to satisfy the condition of an investigative detention. *Parkinson*, 135 Idaho at 361-62, 17 P.3d at 305-06. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).

On appeal, the State's assertion that the stop was not unlawfully extended rests on the proposition that the canine alert occurred before the responding officer concluded his warning to

3

Aberasturi. The State argues that the district court erred when it concluded that the State failed to prove whether the canine alert happened before the end of the initial investigation. The State contends the record demonstrates that the responding officer learned of the canine alert before the initial investigation was concluded. Specifically, the State points to the officers' testimonies that the canine officer indicated to the responding officer that the canine alerted while the responding officer was warning Aberasturi. The State further insists the district court affirmed that the responding officer became aware of the canine alert during the responding officer's warning.

While the district court acknowledged the responding officer's testimony that the canine alert happened during the warning, the district court appears to have questioned that testimony. Indeed, the district court found that there were enough discrepancies in the officers' testimonies that the district court was not confident that all the details were remembered exactly as they happened or in the order they occurred. The district court observed that nothing in the second officer's recording suggested that the responding officer was aware of the canine alert before the responding officer concluded his warning to Aberasturi. Because neither the responding officer nor the canine officer used a recording device, the officers' testimony was the only evidence indicating when the canine officer notified the responding officer of the canine alert. A review of the record, including the second officer's audio recording, supports the district court's finding that the State failed to prove that the canine alert occurred before the initial stop was concluded. The district court determined that the purpose of the initially valid stop was effectuated when the responding officer concluded his warning about disorderly conduct to Aberasturi. Thus, the officers needed reasonable suspicion of future criminal activity to conduct a search of Aberasturi's vehicle.

The district court found that the officers did not have probable cause to search Aberasturi's vehicle. The State asserts that the district court applied the incorrect legal standard by requiring the State to prove probable cause, rather than reasonable suspicion, to search Aberasturi's vehicle. While the State is correct that reasonable suspicion of criminal activity would have been sufficient to extend the scope of the investigatory detention, it is inconsequential because the district court found that the canine alert gave the officer probable cause to search Aberasturi's vehicle. However, because the State could not show that the canine

4

alerted prior to the conclusion of the initial stop, reasonable suspicion was not developed during the course of the valid stop. An investigative detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *State v. Howell*, 159 Idaho 245, 248, 358 P.3d 806, 809 (Ct. App. 2015). Thus, the canine officer unlawfully extended the stop to conduct a canine search, and any evidence obtained as a result of the unlawful search was fruit of the poisonous tree. Accordingly, the district court's order granting Aberasturi's motion to suppress is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.