**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45043**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 439** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 2, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **MICHAEL LEE PARKINS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Orders denying motions to suppress and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Michael Lee Parkins appeals from the judgment of conviction entered upon his conditional guilty plea to trafficking in methamphetamine. Parkins argues the district court erred in denying his motions to suppress. Because the traffic stop was not unlawfully prolonged, we affirm the district court's denial of Parkins' motions to suppress.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer 1 observed Parkins swerving within his lane of travel. As Officer 1 followed Parkins, he observed Parkins' vehicle swerve, drive onto the centerline, exceed the speed limit by six miles per hour, and stop in the middle of a crosswalk at a red light. As a result of these observations, Officer 1 initiated a traffic stop.

During the stop, Parkins exhibited erratic behavior and reached around inside the vehicle for no apparent reason. Officer 1 testified he believed Parkins' behavior was consistent with that of an individual under the influence of a stimulant drug. In addition, Officer 1 recognized Parkins' name from previous drug investigations. After Officer 1 watched Parkins' behavior and noticed an unopened bottle of alcohol near the front seat, Officer 1 considered administering field sobriety tests to Parkins. Officer 1 requested additional officers to respond to the scene in order to provide cover during the field sobriety tests. While waiting for additional officers, Officer 1 asked Parkins to exit the vehicle and sit on the bumper because Parkins continued to reach around inside the vehicle. Parker complied with this request.

When Officer 2 and Officer 3 arrived at the scene, Parkins had been detained for approximately nineteen minutes. Prior to conducting field sobriety tests, Officer 1 conducted a pat-down search of Parkins. During the search, Officer 1 discovered a large bulge in the groin area of Parkins' pants, which crinkled during the pat-down search. Officer 1 and Parkins discussed the bulge. Officer 1 explained he heard the bulge crinkling and suggested Parkins may be hiding something inside his pants.

Approximately twenty-two minutes after Parkins' initial detention, Officer 1 and Officer 2 administered the field sobriety tests while Officer 3 requested a canine officer.[1] A canine officer, Officer 4, arrived at the scene approximately ten minutes later with a drug dog. The drug dog alerted to the vehicle. Officer 4 searched the vehicle and discovered a methamphetamine pipe. Parkins was arrested for possession of drug paraphernalia, and the officers searched Parkins incident to the arrest. During the search, the officers discovered a black bag in Parkins' pants containing methamphetamine.

The State charged Parkins with felony trafficking in methamphetamine, Idaho Code § 37-2732B(a)(4)(A). Parkins filed a motion to suppress, which the district court denied. Next, Parkins filed a second motion to suppress which focused on the events that occurred after field sobriety tests were administered. The district court denied the second motion to suppress.

The State amended the information to include a persistent violator sentencing enhancement pursuant to I.C. § 19-2514. Parkins entered a conditional plea of guilty to trafficking, and as a result, the State withdrew the sentencing enhancements and dismissed the

---

[1]     After administering the field sobriety tests, Officer 1 conferred with Officer 2 and explained he did not believe Parkins was too impaired to be operating a vehicle.

second and third charges.[2]  The district court imposed a unified sentence of ten years, with four years determinate.  Parkins filed a motion for reduction of sentence pursuant to Idaho Criminal Rule 35, which the district court denied.[3]  Parkins timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Although Parkins contends that both constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case.  Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Parkins' claims.  *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

## III.

## ANALYSIS

Parkins argues the district court erred in denying his motions to suppress.  Parkins asserts that the police officers unlawfully prolonged his traffic stop.[4]  The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.  *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926,

---

[2]  It is unclear which charges constitute Count II and Count III.  The amended information only has one count of possession of methamphetamine and the sentencing enhancement.  Neither the court minutes nor the change of plea transcript indicate any other charges.

[3]  Parkins does not appeal the denial of his Idaho Criminal Rule 35 motion.

[4]  While the two motions to suppress were not identical, Parkins does not separate the issues in each motion on appeal.  Instead, Parkins combines the arguments on both motions when he argues that Officer 1 unlawfully prolonged the traffic stop for the dog sniff.

3

931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of detention must be carefully tailored to its underlying justification. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. In this regard, we must focus on the intensity of the detention, as well as its duration. *Roe*, 140 Idaho at 181, 90 P.3d at 931. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. Brief inquiries not otherwise related to the initial purpose of the stop do not necessarily violate a detainee's Fourth Amendment rights. *Roe*, 140 Idaho at 181, 90 P.3d at 931.

Here, part one of the two-part test was satisfied because Parkins clearly committed several traffic infractions, which justified the initial stop. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The record shows that the officer stopped Parkins based upon a speed violation and erratic driving behavior.

The second prong of the test requires the officer's actions to be reasonably related in scope to the circumstances which justified the interference in the first place. Here, Parkins does not dispute that Officer 1's initial questioning was reasonably related to the traffic stop. Instead, Parkins argues that Officer 1 unlawfully prolonged the traffic stop for the dog sniff because the purpose of the stop ended when Parkins successfully completed the field sobriety tests. We disagree. The purpose of an investigative stop is not permanently fixed at the moment the stop is initiated because suspicion of criminality different from that which initially prompted the stop may evolve. *Sheldon*, 139 Idaho at 984, 88 P.3d at 1224. Parkins concedes a traffic stop may be prolonged if there is reasonable suspicion to justify a continued detention, but Parkins argues there was no reasonable suspicion to justify the continued detention.

4

In this case, Officer 1 noticed that Parkins exhibited erratic behavior and reached around inside the vehicle for no apparent reason. Concerned that Parkins may have a weapon in the vehicle, Officer 1 asked Parkins to exit the vehicle. Prior to the field sobriety tests, Officer 1 noticed Parkins had a bulge in his pants as he conducted a pat-down search of Parkins. Officer 1 and Parkins discussed the bulge, at which point Officer 1 explained he heard the bulge crinkling and suggested Parkins may be hiding something inside his pants.

The erratic behavior of Parkins, the bulge in his pants, and the crinkling noise from the bulge gave the officer a reasonable suspicion that Parkins possessed drugs. Since drug possession is a different crime than the traffic infraction, the officer was entitled to investigate his suspicion. The canine sniff was completed during the investigation of this new alleged crime and therefore, did not prolong Parkins' detention. The district court correctly held that specific and articulable facts justified the length and scope of the detention. The district court therefore did not err in denying Parkins' motions to suppress.

## IV.

## CONCLUSION

Because the traffic stop was not unlawfully prolonged, we affirm the district court's denial of Parkins' motions to suppress and the judgment of conviction.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

5