IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46095

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Filed: August 6, 2019 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | |
| JACOB D. FARRELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Order denying motion to suppress, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jacob D. Farrell appeals from the judgment of conviction and sentence for trafficking in heroin. Farrell argues that the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Farrell was originally charged with possession of methamphetamine. The charge arose after Officer Reese stopped the vehicle in which Farrell was a passenger based on a suspicion that the windows were tinted darker than permitted by Idaho Code § 49-944(1). After making the traffic stop, Officer Reese identified the occupants of the vehicle, asked for the driver's license, informed the driver and Farrell about his reason for stopping the vehicle, and asked if the vehicle's windows had ever been tint tested. Farrell informed Officer Reese that the vehicle

1

belonged to his mother and was purchased with the tint in place. Officer Reese explained that he was going to conduct a tint test and returned to his patrol vehicle to retrieve his tint meter.

Thereafter, Officer Reese, and another officer who had arrived at the scene, returned to the vehicle to perform a tint test on the windows. Officer Reese tested both rear passenger windows and the back window of the vehicle. During the encounter, both Farrell and the driver claimed that the tint was original to the vehicle. Ultimately, the two officers confirmed that the rear window had a light transmission of "approximately 25%" and was darker than allowed by law. At that time, Officer Reese instructed the other officer to issue the driver a citation for the window tint violation. While the other officer was filling out the citation, Officer Reese retrieved a drug detection dog from his patrol vehicle and engaged in a drug-dog sweep of the vehicle. The dog alerted and a subsequent search of both the vehicle and the passengers revealed the presence of paraphernalia and methamphetamine.

As relevant to the issue on appeal, the officers issued the driver a citation for the window tint violation pursuant to I.C. § 49-944(1) which states:

> It is unlawful for any person to place, install, affix or apply any window tinting film or sunscreening device to the windows of any motor vehicle, except as follows:
>
> . . . .
>
> Nonreflective window tinting film or sunscreening devices that have a light transmission of not less than thirty-five percent (35%) with a tolerance limit of plus or minus three percent (3%) and a luminous reflectance of no more than thirty-five percent (35%) with a tolerance limit of plus or minus three percent (3%) may be applied to the front side vents, front side windows to the immediate right and left of the driver, and the rear window . . . .

This statute provides an exception which is set forth in I.C. § 49-944(5):

> Nothing in this section shall be construed to make illegal the operation or sale of any motor vehicle, the windshield or windows of which are composed of, covered by, or treated with, any material, substance, system, or component with which the motor vehicle was sold when new or could have been equipped for sale when new as standard or optional equipment from the manufacturer or authorized dealer under any United States government statute or regulation governing such sale at the time of manufacture.

In addition to the driver's citation, the State charged Farrell with possession of methamphetamine. Farrell filed a motion to suppress the evidence obtained in the search. In support of his motion to suppress, Farrell submitted an affidavit from the registered owner of the vehicle (Farrell's father) which included dealer documentation establishing that the window tint

was installed on the vehicle by the manufacturer and thus fell within the exception to I.C. § 49-944(1). *See* I.C. § 49-944(5). In addition to the affidavit, Farrell submitted a photograph which purportedly showed a factory marking on the rear window.[1] Farrell argued that Officer Reese (1) did not have reasonable suspicion to stop the vehicle, and (2) unlawfully prolonged the stop by conducting the tint test and issuing a citation for a charge unsupported by law.

The district court concluded that the affidavit submitted by Farrell's father "establishe[d] that the window tint on the vehicle was placed there at the factory, and thus [was] a feature of the vehicle when it was sold as new." However, the district court denied Farrell's motion to suppress explaining,

> In the case at hand, Officer Reese had reasonable and articulable suspicion to stop the vehicle based upon his observation that the back window tint appeared dark, in violation of I.C. § 49-944. Officer Reese then investigated his observation by applying the tint meter to the window, which confirmed the tint was darker on the back window tha[n] allowed by the statute. At that point, Officer Reese directed the second officer to complete the paperwork to issue a citation. While the officer was doing so, the drug dog was deployed and immediately hit on the odor of narcotics, which expanded the scope of the investigation to a drug investigation.
>
> The evidence before this Court regarding the factory installation of the tint establishes that there was not a basis for the driver to be found guilty of the equipment violation infraction. However, that evidence does not negate the officer's reasonable articulable suspicion that the tint was darker than permitted by I.C. § 49-944, and thus, [the] basis for the traffic stop.

Thereafter, the State amended the charge to trafficking in heroin,[2] I.C. § 37-2732B(a)(6)(A), and Farrell entered into a conditional guilty plea. Farrell timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

---

[1] The photograph of the window marking, which is contained in the record, is difficult to decipher. Farrell argued to the district court that the marking reads "Tempered G, DOT - 476 AS-3 M-AT 014, TRANS. 20%."

[2] After Farrell was arrested, officers discovered that the paraphernalia found in the vehicle contained heroin residue. In addition, a search of the driver revealed 20.6 grams of heroin.

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Farrell argues that the district court erred in denying his motion to suppress because his traffic stop was unlawfully prolonged in violation of the Fourth Amendment. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures of persons or property. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).

Here, Farrell claims that his investigative detention was unlawfully prolonged when Officer Reese measured the window tint and issued a citation for violation of I.C. § 49-944 without first checking to see if the window tint fell within the exception to the statute. Farrell claims that the officer could have quickly dispelled any reasonable suspicion that the window tint was in violation of the traffic law if he would have looked at the factory marking on the window. Because the officer failed to do so, Farrell argues that the officer did not use the least intrusive means of investigation and did not act reasonably.[3]

In order to frame his argument, Farrell articulates the following rule which is set forth in *United State v. Sharpe*, 470 U.S. 675, 686 (1985):

> In assessing whether a detention is too long in duration to be justified as an
> investigative stop, we consider it appropriate to examine whether the police

---

[3] In addition to this argument, Farrell changes positions in his reply brief. He argues that the investigation was not reasonable because "*only through further investigation*" could Officer Reese determine if the tint fell within the exception and Officer Reese was "required" but failed to investigate the exception. It is unclear how this argument can be reconciled with Farrell's initial argument that the stop was unlawfully extended. Regardless, this Court will not consider arguments raised for the first time in the appellant's reply brief. *See* Idaho Appellate Rule 35.

4

diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant.

Farrell references key words from that case, and others, and argues that his detention was unconstitutional. However, that particular rule applies when a court analyzes whether the overall duration of a detention is too long to be justified as an investigative stop. *See Sharpe*, 470 U.S. at 686; *see also State v. Buti*, 131 Idaho 793, 796-97, 964 P.2d 660, 663-64 (1998). In this case, Farrell ultimately takes issue with the order in which Officer Reese conducted his investigation. Farrell does not contend that his investigative detention "was too long in duration to be justified as an investigative detention" or rose to the level of a de facto arrest. *Id.* Therefore, we will analyze Farrell's appellate argument by assessing the reasonableness of the investigative stop. *Id.*

The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of detention must be carefully tailored to its underlying justification. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. In this regard, we must focus on the intensity of the detention, as well as its duration. *Roe*, 140 Idaho at 181, 90 P.3d at 931. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305.

We conclude that Farrell's detention was not unlawfully prolonged. First, it is undisputed that Officer Reese had reasonable suspicion to stop the vehicle. Therefore, part one of the two-part test is satisfied. We need only analyze whether the officer's actions were reasonably related in scope to the circumstances which justified the interference in the first place.

5

*Roe*, 140 Idaho at 181, 90 P.3d at 931. Based on his suspicion, it was reasonable for Officer Reese to investigate for a possible tint violation by conducting a tint test. *Id*. After determining that the rear window was darker than allowed by law, it was reasonable for the officers to issue the driver a citation. *Id*.

The scope of Farrell's detention was carefully tailored to its underlying justification. Although Farrell argues that the duration of the detention could have been shorter because the officer's suspicion of a tint violation could have been easily dispelled by looking at the window marking, Officer Reese's reasonable suspicion was never dispelled. Factually, there was no evidence or testimony presented that Officer Reese saw the window marking or that the marking was readily apparent. Even so, there was no evidence that it was apparent from the marking that the window tint was installed when the vehicle was new or that further on-scene investigation would have established an exception to I.C. § 49-944(1)(b). To the contrary, nothing in the marking indicated that the window tint was installed when the vehicle was new. While it is true that, in some instances, an officer's reasonable suspicion can be dispelled and any continued investigation into that suspicion is no longer lawful, that did not occur in this case. *See State v. Salois*, 144 Idaho 344, 160 P.3d 1279 (Ct. App. 2007).

The fact that there is an exception in a statute making otherwise unlawful conduct acceptable does not itself dispel an officer's reasonable suspicion. After the fact, Farrell was able to show through an affidavit and supporting dealer documentation that the vehicle tint was applied to the rear window when the vehicle was new, and thus fell within the exception to I.C. § 49-944(1)(b). *See* I.C. § 49-944(5). This showing, however, only proves that the driver cannot be convicted of the traffic infraction. Regardless, Officer Reese engaged in a lawful stop based on reasonable suspicion of a traffic violation and carefully tailored the scope of the detention to its underlying justification. Farrell's detention met the Fourth Amendment standard of reasonableness. Thus, the district court did not err in denying Farrell's motion to suppress because his detention was not unlawfully extended.

## III.

## CONCLUSION

The district court correctly denied Farrell's motion to suppress. Therefore, the district court's order denying Farrell's motion to suppress is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

6