**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46359**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 23, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KEEGAN ALLEN STARK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for possession of a controlled substance and misdemeanor providing false information to law enforcement, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant. Ben P. McGreevy argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

LORELLO, Judge

Keegan Allen Stark appeals from his judgment of conviction for felony possession of a controlled substance and misdemeanor providing false information to law enforcement. Stark challenges the district court's order denying his motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement stopped a vehicle that Stark was driving, believing that another individual--a parolee with an active agent's warrant and suspected of other criminal conduct--may have been driving. As Stark was exiting the vehicle, a syringe fell from the vehicle onto the roadway. A subsequent search of Stark revealed controlled substances, drug

1

paraphernalia, and an identification card. Presuming that the identification card was Stark's, law enforcement began referring to him by the name listed on the card.[1] Law enforcement then realized Stark was not the parolee they believed may have been driving the vehicle.

The State charged Stark with two counts of felony possession of a controlled substance, two counts of misdemeanor possession of a controlled substance, possession of drug paraphernalia, and providing false information to law enforcement. Stark filed a motion to suppress, arguing that he was unlawfully seized. The district court denied Stark's motion to suppress.

Pursuant to a plea agreement, Stark pled guilty to one count of felony possession of a controlled substance and providing false information to law enforcement, but reserved his right to challenge the denial of his suppression motion. In exchange for his guilty pleas, the State dismissed the remaining charges. Stark appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Stark contends the district court erred in denying his motion to suppress, asserting that he was seized without reasonable suspicion in violation of the Fourth Amendment because law enforcement did not have a particularized and objective basis for suspecting him of criminal activity. The State responds that the district court correctly concluded that, because there was

---

[1]     Stark did not inform officers of his true identity or clarify that the identification card belonged to another individual until he was being booked into jail.

reasonable suspicion that another individual (a parolee suspected of prior criminal conduct and wanted on an agent's warrant) was driving the vehicle, the stop was lawful.[2] We hold that there was reasonable suspicion to stop the vehicle Stark was driving prior to his arrest.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws or that either the vehicle or the occupant is subject to detention in connection with a violation of other laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The district court determined that the totality of the circumstances justified stopping the vehicle Stark was driving. In reaching this conclusion, the district court made several factual findings relevant to law enforcement's belief that a parolee (who had an active warrant and who was associated with the vehicle on prior occasions, including one occasion involving eluding) was driving the vehicle. Stark argues that the district court erred in focusing on whether law enforcement had reasonable suspicion related to the parolee and should have instead focused on whether law enforcement had reasonable suspicion relating to Stark in particular. We disagree. The critical question is whether the stop was reasonable based upon the facts known to the officers at or before the time of the stop. *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). The facts known to law enforcement at or before the time of the stop did not

<hr>

[2]      Stark does not challenge the district court's conclusion that officers could legally detain or arrest the parolee they believed was driving the vehicle.

include the fact that it was Stark driving rather than the parolee. Thus, the reasonable suspicion could not be based on Stark specifically. If law enforcement *knew* Stark was driving, there would be no basis for the stop. It was because law enforcement had reasonable suspicion to believe that the parolee was driving and that the parolee was subject to detention that the stop was constitutionally permissible. That law enforcement was ultimately incorrect with respect to the identity of the driver did not retroactively render the suspicion for the stop unreasonable. *See Illinois v. Wardlow*, 528 U.S. 119, 126 (2000) (concluding the Fourth Amendment accepts risk that persons arrested or detained may be innocent); *State v. Danney*, 153 Idaho 405, 411, 283 P.3d 722, 728 (2012) (noting that innocent explanations do not necessarily negate reasonable suspicion).

The facts found by the district court, considered in light of the totality of the circumstances, support a reasonable suspicion that the parolee was driving the vehicle at the time of the stop. Therefore, law enforcement could stop the vehicle Stark was driving to confirm or dispel that suspicion. *See State v. Hedgecock*, 147 Idaho 580, 583, 212 P.3d 1010, 1013 (Ct. App. 2009) (concluding that, although law enforcement had not definitively determined suspect was in vehicle, stop was lawful based on reasonable suspicion that he was). Stark has failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded law enforcement had reasonable suspicion to stop the vehicle Stark was driving. Thus, Stark has failed to show that the district court erred in denying his motion to suppress. Accordingly, Stark's judgment of conviction for possession of a controlled substance and providing false information to law enforcement is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.