# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46641

STATE OF IDAHO,                          )
                                         )    Filed:  April 6, 2020
     Plaintiff-Respondent,         )
                                         )    Karel A. Lehrman, Clerk
v.                                       )
                                         )    THIS IS AN UNPUBLISHED
JUSTIN JAMES SMITH,                      )    OPINION AND SHALL NOT
                                         )    BE CITED AS AUTHORITY
     Defendant-Appellant.          )
                                         )

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Thomas W. Whitney, District Judge.

Judgment of conviction for felony driving under the influence of alcohol, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Justin James Smith appeals from his judgment of conviction entered on his conditional guilty plea for felony driving under the influence of alcohol (DUI), Idaho Code §§ 18-8004, 18-8005.  Specifically, Smith appeals the district court's denial of his motion to suppress.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Early one morning in June 2018, Sergeant Drinkwine stopped Smith's vehicle after observing him driving slowly and weaving within his lane of traffic.  As a result of this traffic stop, the State charged Smith with DUI and several other related charges.  Smith filed a motion

1

to suppress the evidence acquired from the stop, arguing Sergeant Drinkwine did not have reasonable suspicion for the stop.

At the hearing on Smith's suppression motion, Sergeant Drinkwine was the only witness to testify. According to his testimony, his attention was drawn to Smith's vehicle because it "was driving slowly for no apparent reason." Smith "was traveling around 25 miles an hour in a 35 mile an hour zone," despite a "very nice open roadway" and that "there were no other cars on the roadway." Sergeant Drinkwine followed Smith for "a little over a mile" and noted his vehicle "was weaving within its lane of travel and going from the fog line to the lane divider or yellow line several times." Sergeant Drinkwine also described Smith's weaving as "travel[ing] from the fog line to the center line numerous times." Sergeant Drinkwine testified that, based on his experience and training, Smith's weaving and driving 10 mph under the speed limit was not "normal driving behavior."

At the conclusion of the hearing, the district court noted Sergeant Drinkwine's extensive training and experience and ruled that, based on the totality of circumstances including Smith's weaving and driving under the speed limit, reasonable suspicion justified the traffic stop. Thereafter, Smith entered a conditional guilty plea to the DUI charge, reserving his right to appeal the court's denial of his motion to suppress, and the State dismissed the remaining charges. Smith timely appeals the denial of his suppression motion.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the

2

Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). When considered together under the totality of the circumstances, otherwise innocent acts can give rise to reasonable suspicion. *State v. Neal*, 159 Idaho 919, 925, 367 P.3d 1231, 1237 (Ct. App. 2016). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his possession, and those inferences may be drawn from his experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). Suspicion is not justified if the officer observes conduct falling within the broad range of "normal driving behavior." *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.

On appeal, Smith is mindful of and acknowledges this Court's prior decisions in *Flowers*, 131 Idaho 205, 953 P.2d 645, and *Atkinson*, 128 Idaho 559, 916 P.2d 1284. Nonetheless, Smith challenges the district court's denial of his motion to suppress, arguing Sergeant Drinkwine did not have reasonable suspicion to stop Smith because "his driving pattern was within the normal range of driving behavior."

In *Flowers*, this Court addressed a scenario factually similar to Smith's case. Flowers was charged with DUI and filed a motion to suppress evidence obtained from the traffic stop resulting in his charge. *Flowers*, 131 Idaho at 206, 953 P.2d at 646. The magistrate court denied Flowers' motion, concluding Flowers' "slow speed,[1] hugging of the fog line, weaving in his lane of travel, crossing the fog line to the width of a tire, and then moving left to touch the center line one or two times, all within a mile or two, [gave] rise to reasonable suspicion." *Id.* On appeal, this Court agreed and held that these facts constituted reasonable suspicion that Flowers was driving under the influence. *Id.* Further, the Court held that *Flowers* was indistinguishable from *Atkinson*, 128 Idaho at 560, 916 P.3d at 1285. In support of this holding, the Court noted that "in both cases the drivers touched the center line twice and touched the fog line once,"

---

[1] "Flowers was going 10 mph under the speed limit." *Flowers*, 131 Idaho at 209, 953 P.2d at 649.

3

which was reasonable suspicion that the drivers were under the influence. *Flowers*, 131 Idaho at 209, 953 P.2d at 649.

Likewise, Smith's case is indistinguishable from *Flowers*. Sergeant Drinkwine observed Smith for over a mile, during which time he traveled 10 mph under the speed limit for no apparent reason and weaved within his lane of traffic from the fog line to the center line numerous times. The district court ruled that these facts constituted reasonable suspicion. We agree. While reasonable suspicion must be based on more than one tire temporarily touching the fog line, "driving onto or across the fog line may be considered when evaluating whether an overall pattern of erratic or unsafe driving gives rise to a reasonable, articulable suspicion" under the totality of circumstances. *State v. Fuller*, 163 Idaho 585, 590, 416 P.3d 957, 962 (2018). Based on the totality of circumstances in this case, reasonable suspicion that Smith was driving under the influence justified Sergeant Drinkwine's traffic stop.

## III.

## CONCLUSION

We affirm the judgment of conviction and the denial of Smith's motion to suppress.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.