# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51659

STATE OF IDAHO,

Plaintiff-Respondent,

v.

STEPHEN PAUL MAANS,

Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: October 7, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction for felony possession of a controlled substance and misdemeanor possession of a controlled substance, <u>affirmed</u>.

Silvey Law Office, LTD; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Stephen Paul Maans appeals from his judgment of conviction for felony possession of a controlled substance and misdemeanor possession of a controlled substance. On appeal, Maans argues that the district court erred by denying his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer McBride was parked on the shoulder of Highway 93 when he noticed a vehicle with tinted windows so dark he could not see any occupants. He began following the vehicle and observed the license plate was obstructed by a tinted license plate cover. As Officer McBride was following the vehicle, the driver slowed from the posted speed limit of sixty miles per hour to approximately forty-eight miles per hour. Officer McBride then activated his overhead lights to perform a stop of the vehicle. The driver continued driving for approximately one mile before

1

pulling over. As Officer McBride began walking toward the vehicle, he noticed there was no license plate affixed to the vehicle. Maans was then identified as the driver of the vehicle. Maans told Officer McBride that Maans and the passenger were driving from Nevada to Montana. Officer McBride noticed that the center console of the vehicle contained a vape pen. Maans could not provide insurance or registration for the vehicle nor did Maans have a valid driver's license. Officer McBride wrote a warning for the infractions then asked Maans if the vape pen contained THC; Maans said that it did. Officer McBride performed a search of the vehicle and found methamphetamine in the vehicle and in Maans' wallet.

Maans was charged with felony possession of a controlled substance, misdemeanor possession of a controlled substance, and misdemeanor possession of drug paraphernalia. The State later added a second charge for misdemeanor possession of a controlled substance. Maans filed a motion to suppress the evidence obtained during the search of the vehicle. Following a hearing, the district court denied the motion. Pursuant to a plea agreement, Maans entered a conditional guilty plea to felony possession of a controlled substance (Idaho Code § 37-2732(c)(1)) and misdemeanor possession of a controlled substance (I.C. § 37-2732(c)(3)) reserving his right to appeal the district court's denial of the motion to suppress. The State agreed to dismiss the remaining charges. Maans appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Maans argues that the extension of the stop was only supported by a generalized hunch, not reasonable individualized suspicion. Maans argues that the officer testifying that he did not know if the vape pen contained THC, or some other substance, makes the officer's reliance on it a hunch of illegal activity rather than reasonable suspicion to justify the search. To support his substantive argument, Maans cites to *State v. Riley*, 170 Idaho 572, 578, 514 P.3d 982, 988 (2022), and states, "Authority for the seizure . . . ends when tasks tied to the traffic infraction are--or reasonably should have been--completed." However, this omits the key question of, once the purpose of the original traffic stop was concluded, whether the officer had reasonable suspicion to extend the traffic stop.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). In the traffic stop context, authority for a seizure ends when the tasks related to the stop are, or reasonably should have been, completed. *See Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Tasks related to a traffic stop include addressing the traffic violation that precipitated the stop; determining whether to issue a traffic ticket; and making inquiries incident to the traffic stop, such as checking the driver's license, inspecting the vehicle's proof of insurance and registration, and conducting a criminal record check of the driver. *Rodriguez v. United States*, 575 U.S. 348, 354-55 (2015); *State v. Hale*, 168 Idaho 863, 867, 489 P.3d 450, 454

3

(2021). Officers may not deviate from the purpose of a traffic stop by investigating (or taking safety precautions incident to investigating) other crimes without reasonable suspicion. *See Rodriguez*, 575 U.S. at 356.

However, the justification for a motorist's detention is not permanently fixed at the moment the traffic stop is initiated. *State v. Wigginton*, 142 Idaho 180, 183, 125 P.3d 536, 539 (Ct. App. 2005). An officer's observations, general inquiries, and events succeeding the stop may--and often do--give rise to legitimate reasons for particularized lines of inquiry and further investigation by an officer. *State v. Myers*, 118 Idaho 608, 613, 798 P.2d 453, 458 (Ct. App. 1990). Furthermore, even without reasonable suspicion, officers may engage in lines of investigation unrelated to an otherwise lawful traffic stop as long as doing so does not prolong the stop. *See Caballes*, 543 U.S. at 409-10 (holding that a dog sniff conducted during an otherwise lawful traffic stop does not violate the Fourth Amendment); *Hale*, 168 Idaho at 867, 489 P.3d at 454 (recognizing officers may "conduct certain unrelated checks" during a traffic stop).

Officer McBride testified that, based on his training and experience, he knows Highway 93 to be a direct route for transportation of illegal drugs from "source states" into the Pacific Northwest. Further, Officer McBride testified that, during his years patrolling Highway 93, he had hundreds of interactions with people transporting drugs in their vehicles. Additionally, when Officer McBride first observed the vehicle, he noticed it had tinted windows which completely obstructed the view inside. Officer McBride testified that the vehicle also had no visible license plates, which can be a way to "shield information" that can connect the vehicle to a person or state. Once the officer's overhead lights were activated, and despite an adequate shoulder to pull over, Maans failed to pull over for approximately one mile. Officer McBride testified that this was suspicious behavior and would allow someone in the vehicle additional time to conceal something.

Upon speaking with Maans, Officer McBride learned that Maans was traveling from Nevada to Montana. Maans appeared nervous and his voice was wavering and trembling as he spoke. Officer McBride also noticed a vape pen located in the center console of the vehicle. Officer McBride testified that the location Maans was traveling from was important because he knew that marijuana was legal in Nevada and that the specific model of vape pen was "more often than not THC." Officer McBride testified that he did not know if it was a THC vape or a regular

4

vape but "just had suspicion." Officer McBride testified that the passenger in the vehicle was smoking a freshly lit cigarette, which he identified as a method of concealing odors and calming nerves. Finally, Officer McBride testified that the vehicle was not registered and did not have insurance, which was "consistent with trends" seen with "transportation of narcotics on Highway 93." At this point, Officer McBride wrote a warning and then addressed the "vape device in the vehicle."

Maans argues that these behaviors observed by Officer McBride "can be displayed at one time or another by anyone for any number of reasons which would, with only some hyperbole, allow anyone to be pulled over and detained anywhere at any time." However, the United States Supreme Court has held that innocent acts, when considered together, can be sufficiently suspicious so as to justify an investigative detention. *See United States v. Sokolow*, 490 U.S. 1, 9-10 (1989); *State v. Neal*, 159 Idaho 919, 925, 367 P.3d 1231, 1237 (Ct. App. 2016). Officer McBride testified to several factors which independently signify suspicious behavior but, when taken together, amount to fourteen factors which lead to reasonable suspicion that the contents of the vape pen were illegal. The district court considered that the stop occurred in a well-known drug corridor, marijuana is legal in Nevada, there is a dispensary in Nevada (which is often used to transport drugs into Idaho), Officer McBride performed hundreds of stops on Highway 93, and Officer McBride had never seen that particular type of vape pen contain a substance other than THC. Considering all the factors testified to by Officer McBride and presented to the district court in totality, we hold that Officer McBride met the requirements for reasonable suspicion to extend the stop to investigate the vape pen in the center console.

## IV.
## CONCLUSION

Maans has failed to show that the district court erred in denying his motion to suppress. Maans' judgment of conviction for felony possession of a controlled substance and misdemeanor possession of a controlled substance is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.

5